# CRIMINAL CAUSE FOR SENTENCING

**BEFORE:** JUDGE KIYO A. MATSUMOTO    **DATE:** 10/22/2014    **TIME:** 10:00a.m.-2:00p.m.

**DOCKKET:** 12 CR 352 [KAM] <u>USA V. SOLOMON-EATON</u>

**DEFENDANT NAME:** <u>Camille Solomon-Eaton</u>
    _X_ present ____ not present    ____ custody _X_ bail

**DEFENSE COUNSEL:** <u>Kannan Sundaram with David Patton</u>
    _X_ present ____ not present    __ CJA __ RET _X_ LAS

**AUSA:** <u>Saritha Komatireddy</u>    **Deputy:** <u>S. Jackson</u>    **Court Reporter:** <u>Sherry Bryant</u>

_X_ CASE CALLED

_X_ DEFENDANT _X_ Sworn _X_ Informed of Rights

STATEMENTS OF DEFENDANT AND COUNSEL HEARD _X_

DEFENDANT'S WAS FOUND GUILTY PLEA ON COUNTS 1 -13 of a 13 Count Second Superseding Indictment

**DEFENDANT SENTENCED ON COUNT(S):** 1-13 of a 13 Count Second Superseding Indictment.

**IMPRISONMENT:** On Counts 1-6, 17 years. On Counts 7-11 and 13, defendant is sentenced to 7 years. On Count 12, defendant is sentenced to 9 years. All sentences shall be served concurrently.

**SUPERVISED RELEASE:** Life on each count **with special conditions:**

A. The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. She shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree she is able to do so, and shall cooperate in securing any applicable third party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in polygraph examinations to obtain information necessary for risk management and correctional treatment.

B. Ms. Solomon-Eaton shall make payments to the victim's health treatment expenses, if any are ever incurred as a result of the offense.

C. Ms. Solomon-Eaton shall not associate with any children under the age of 18, unless a responsible adult is present and she has prior approval from the Probation Department.

D. Unless otherwise indicated in the treatment plan provided by the sex offender treatment program, the defendant is prohibited from viewing, owning or possessing obscene, or sexually stimulating visual or auditory material involving children or adolescents.

E. If the defendant cohabitates with an individual who has minor children, she will inform that other party of her prior criminal history concerning her sex offense. Moreover, she will notify the party of her prohibition of associating with any children under the age of 18, unless a responsible adult is present and she has prior approval from the U.S. Probation Department.

F. The defendant is not to use a computer, Internet capable device, or similar electronic device to access child pornography of any kind. The term "child pornography" shall include images or videos of minors engaged in 'sexually explicit conduct" as that term is defined in Title 18 U.S.C. Section § 2256 (2). Ms. Solomon-Eaton shall also not use a computer, Internet-capable device, or similar electronic device to view images of naked children. Ms. Solomon-Eaton shall not use her computer to view child pornography or images of naked children stored on related computer media, such as CDs or DVDs, and shall not communicate via her computer with any individual or group who promotes child pornography or the sexual abuse of children. The defendant shall also cooperate with the U.S. probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense.

P 2.  CRIMINAL CAUSE FOR SENTENCING USA V SOLOMON-EATON 12CR352

    Ms. Solomon-Eaton shall submit her person, residence, place of business, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search on the basis that the probation officer has reasonable belief that evidence of a violation of conditions of release may be found.  The search must also be done in a reasonable manner and at a reasonable time.  Failure to submit to search may be grounds for revocation, and Ms. Solomon-Eaton shall inform any other residents that the premises may be subject to search pursuant to this condition.

G.    Defendant will not purchase or possess photographic or video equipment without prior knowledge and permission by the U.S. Probation Department.

H.    Ms. Solomon-Eaton shall submit her person, residence, place of business, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search on the basis that the probation officer has reasonable belief that evidence of a violation of conditions of release may be found.  The search must also be done in a reasonable manner and at a reasonable time.  Failure to submit to search may be grounds for revocation, and Ms. Solomon-Eaton shall inform any other residents that the premises may be subject to search pursuant to this condition.

I.    Defendant will not purchase or possess photographic or video equipment without prior knowledge and permission by the U.S. Probation Department.

J.    Ms. Solomon-Eaton shall not possess a firearm, ammunition, or destructive device.


**$1,300.00**    SPECIAL ASSESSMENT  **$0** RESTITUTION  **$0**  FINE  **$0** FORFEITURE

**OTHER:**

Remaining Count(s)_ are dismissed on govt's motion.

✔ Transcript ordered               ICE Detainer

✔ Deft advised of right to appeal.    ✔ Govt shall arrange for the return of defendant's property, if any.